# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| BEVERLY HALES, * | No. 21-1575V |
| * | |
| Petitioner, * | |
| * | Special Master Christian J. Moran |
| v. * | |
| * | Filed: February 3, 2025 |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * *

<u>Laura Levenberg</u>, Muller Brazil, LLP, Dresher, PA, for Petitioner;

<u>Mitchell Jones</u>, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]**

    Pursuant to 42 U.S.C. § 300aa-15(e), petitioner has requested a total of $31,900.16 in attorneys' fees and costs. The undersigned tentatively found that petitioner requested a reasonable amount and was entitled to the full amount requested. The undersigned allowed respondent an opportunity to comment. Respondent did not interpose any objections within the time permitted.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Petitioner's attorney, attorney staff, and expert have requested hourly rates that are consistent with the rates previously awarded. The number of hours is reasonable. Thus, the amount requested is reasonable.[2]

Petitioner is awarded **$31,900.16** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] The expert petitioner retained, Joseph Jeret, prepared an invoice that should have contained more information. See Pet'r's Mot. at pdf 32; see also Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 781-83 (2013). Respondent's lack of objection contributes to a finding that the amount Dr. Jeret has requested is reasonable. Nevertheless, Dr. Jeret should detail his activities with more specificity in the future.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.